Blair R. Jackson (9839)
API Law, PLLC
2551 N. Rampart Blvd., Suite 372
Las Vegas, Nevada 89128
Telephone: (725) 209-5889
brj@api.law

Christopher A. Lund (12435)
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9361
tlund@grsm.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VANILLA CHIP LLC, a Nevada limited liability company, d/b/a TruHeight,<br>Plaintiff,<br><br>v.<br><br>POSTOLENKO OLENA, individually d/b/a Biotequelab Store,; and NATALIA KHAZHANETS individually dba BTQ Vitamin Store,<br>Defendants. | **CASE NO: ____________________**<br><br>**COMPLAINT FOR FALSE ADVERTISING UNDER LANHAM ACT** |

Plaintiff Vanilla Chip LLC d/b/a TruHeight ("TruHeight") alleges as follows:

## NATURE OF THE ACTION

1. This action challenges specific false or misleading commercial advertising for BIOTEQUELAB height-related dietary supplements concerning product qualities, safety, and efficacy. TruHeight seeks relief for commercial injury caused by the identified misrepresentations.

## PARTIES

2. Plaintiff Vanilla Chip LLC is a Nevada limited liability company with its principal place of business at 5573 San Florentine Avenue, Las Vegas, NV 89141, and

does business as TruHeight.

3. Defendant Postolenko Olena is identified in Amazon's seller disclosure as the individual operating 'Biotequelab Store' (seller ID A7CZ5YE5CJXB4). She has an address of 6 Poshtovyi Lane, Ostapivka 55331, Arbuzynskyi District, Mykolaiv Oblast, Ukraine.

4. Defendant Natalia Khazhanets is identified in Amazon'a seller disclosure as the individual operating 'BTQ Vitamin Store' (seller ID A3CZSPVI8S4YDE). She has an address of Mykoly Kybalchycha Street 9, Apartment 248, Kyiv 02184, Ukraine.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121 because this action arises under the Lanham Act, 15 U.S.C. § 1125(a).

6. This Court has personal jurisdiction over Defendants, including Defendants' purposeful direction of advertising and sales into the United States and this District related to the challenged conduct.

7. Venue is proper under 28 U.S.C. § 1391 based on Defendants' conduct directed to this District and sales of the accused product through Amazon to purchasers in this District

## FACTUAL ALLEGATIONS

8. TruHeight markets pediatric and adolescent nutritional supplements through its website, Amazon, and other sales channels, including TruHeight Growth Gummies (ASIN B087QR7D1H) and TruHeight Growth Capsules (ASIN B08MWFRP25).

### Product A

9. Defendants sells Height Growth Maximizer (ASIN B08H56LGKF) on

Amazon at https://www.amazon.com/dp/B08H56LGKF ('Product A').

10. The parties' products directly compete in the nutritional supplements segment targeting children and adolescents.

11. As of September 25, 2026, the Amazon listing for Product A showed an in-stock offer by Defendant.

12. As of September 25, 2026, Defendants advertised Product A on Amazon with the following statements:

a. “VISIBLE RESULTS”

b. “NO SIDE EFFECTS”

c. “Recommended for adults”

d. “CLINICALLY PROVEN HEIGHT GROWTH & BONE DENSITY ENHANCEMENT”

e. “MAXIMUM HEIGHT JUST IN 6 MONTHS”

f. “6 MONTHS+ During this period body reaches the maximum possible height while keeping bones strong and healthy.”

13. These statements appeared on Product A packaging, listing images, sponsored advertisements, or other locations within the Amazon listing, as shown in Exhibit A.

14. Defendants created, approved, or caused publication of these statements.

15. Read together, the statements convey that adult users will experience visible increases in skeletal height and reach their maximum possible height after approximately six months of Product A use.

16. The messaging expressly targets adults ("**Recommended for adults**") and does not limit the promise of height growth to individuals with open growth plates.

17. These representations are false as to adults with fused growth plates. Nutritional supplementation cannot cause longitudinal bone growth in such adults, and any claimed bone density effect is distinct from increased skeletal height.

18. Defendants also represents that both height growth and bone density enhancement are "**CLINICALLY PROVEN,"** which is false because Defendants lack competent and reliable scientific evidence substantiating these claims.

19. The unqualified "**NO SIDE EFFECTS**" claim is false or misleading because it categorically represents the absence of adverse effects without substantiation.

20. Considered together, "**Recommended for adults**" with promises of visible results, "**CLINICALLY PROVEN**" height growth, and "**MAXIMUM HEIGHT**" in six months communicates that adults can obtain increased skeletal height using Product A.

21. The "**MAXIMUM HEIGHT JUST IN 6 MONTHS**" and "**6 MONTHS+ During this period body reaches the maixum possible height**" statements promise maximum skeletal height within six months without age qualification, conveying a measurable efficacy claim rather than subjective puffery.

**Product B**

22. Defendants also sells Height Growth Increase Gummies Vitamins (ASIN B-8H56LGKF) on Amazon at https://www.amazon.com/dp/B08H56LGKF ('Product B', and together with Product A 'Products').

23. The parties' products directly compete in the nutritional supplements segment targeting children and adolescents.

24. As of September 30, 2026, the Amazon listing for Product B showed an in-stock offer by Defendants.

25. As of September 30, 2026, Defendants advertised Product B on Amazon with the following statements:

a. "MAXIMIZE POTENTIAL"

b. "REACH THE HEIGHT you've always dreamed of!"

c. "SAFELY INCREASING THE GROWTH POTENTIAL"

d. "EFFECTIVE & SAFE FOR HEALTHY GROWTH"

e. "CLINICALLY PROVEN HEIGHT GROWTH & BONE DENSITY ENHANCEMENT"

f. "MAXIMUM GROWTH SPEED IN 6 MONTHS"

g. "KIDS AGED 5+ for adults, teens, & children"

h. "Height Growth / / Give your child the nutritional support they need for healthy heigh growth and reaching their full potential."

26. These statements appeared on Product B packaging, listing images, sponsored advertisements, or other locations within the Amazon listing, as shown in Exhibit B.

27. Defendants created, approved, or caused publication of these statements.

28. Read together, the statements convey that adult, teen and child users will experience visible increases in skeletal height, increase the speed of growth and increase the height they would otherwise achieve.

29. The messaging expressly targets teens and children ("**Give your child the nutritional support they need**", "**Strengthen your child's bones**", "**KIDS AGED**

**5+ for adults, teens, & children**") and does not limit the promise of height growth to individuals with open growth plates.

30. These representations are false as to adults with fused growth plates. Nutritional supplementation cannot cause longitudinal bone growth in such adults, and any claimed bone density effect is distinct from increased skeletal height.

31. These representations are also false or misleading as to children. Nutritional supplementation cannot cause longitudinal bone growth in teens and children.

32. Defendants also represents that both height growth and bone density enhancement are "**CLINICALLY PROVEN,**" which is false because Defendants lack competent and reliable scientific evidence substantiating these claims.

33. Considered together, the mentioned comments targeted towards children with promises of visible results, "**CLINICALLY PROVE**" height growth, and "**MAXIMUM GROWTH SPEED IN 6 MONTHS**" communicates that children will obtain increased skeletal height growth using Product B. The promises convey a measurable efficacy claim rather than subjective puffery.

**Regarding Products A and B**

34. The advertising is demonstrably false for both adults (whose growth plates are closed) and children (whose growth occurs over many years).

35. These representations are material because they concern efficacy and safety—key factors in consumers' purchasing decisions for nutritional supplements.

36. Defendants disseminated these representations to prospective purchasers through the publicly available Amazon listing to induce purchases of the Products.

37. Defendants advertised and sold the Products in interstate commerce competing with Plaintiff's product.

38. Defendants' false advertising caused commercial injury to TruHeight, including diverted sales, price erosion, consumer confusion regarding efficacy, and harm to business reputation.

39. The challenged representations materially influenced purchasing decisions because consumers encountered and relied on them in the Amazon listing when assessing efficacy and safety.

40. The connection between the false advertising and TruHeight's injury is evidenced by Defendants' undercutting price placement among kids and teens vitamin listings on Amazon and the prominence of the challenged claims.

41. On August 27, 2026, TruHeight sent a cease-and-desist demand regarding the challenged claims.

42. Defendants did not respond by the September 6, 2026, deadline or provide substantiating clinical evidence or safety support information that was relied on in making the asserting in the product advertising.

43. The challenged advertising remained available as of filing, and TruHeight continues to suffer the injuries described above.

44. Defendants' Products appears in search results for “height” or “growth” supplements for children and teens on Amazon, further demonstrating direct competition.

**45.** As a proximate result of Defendants' false or misleading advertising, TruHeight has been harmed in an amount to be determined at trial.

## COUNT I — FALSE ADVERTISING

## Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B)

46. In commercial advertising and promotion, Defendant made the specified false or misleading representations of fact about the nature, characteristics, or qualities of the Product, and disseminated them to prospective purchasers as described above.

47. Defendants' representations were literally false, or, in context, were misleading and actually deceived or had a tendency to deceive a substantial segment of the audience.

48. The claim is based on the affirmative falsity and misleading net impression of the identified statements, not solely on a lack of substantiation.

49. The deception was material to purchasing decisions and occurred in interstate commerce through the Amazon marketplace as alleged.

50. The identified advertising proximately caused TruHeight's commercial injury, including lost sales and harm to commercial reputation, in amounts to be proven at trial.

51. Defendants' offending conduct is ongoing or likely to recur absent injunctive relief.

52. TruHeight seeks injunctive relief under 15 U.S.C. § 1116 and monetary relief under 15 U.S.C. § 1117(a), subject to proof and equitable principles.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Enjoin Defendants from publishing the specific false or misleading representations identified herein;

B. Require Defendants to remove or correct advertising within their control and to request correction of content they supplied to Amazon;

C. Award Plaintiff its damages and Defendants' profits attributable to the violation;

D. Award pre- and post-judgment interest as permitted by law;

E. Award reasonable attorney's fees under 15 U.S.C. § 1117(a); and

F. Grant such other appropriate relief as the Court deems just.

Dated: October 30, 2026

API LAW, PLLC

/s/ Blair R. Jackson
Blair R. Jackson (No. 9839)
Counsel for Vanilla Chip LLC
d/b/a TruHeight